PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. EUGENIO BONILLA, Defendant and Appellant.

No. 3613. Argued November 20, 1928.—Decided February 12, 1929.

*José Veray Jr.* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Eugenio Bonilla was charged with unlawfully and wilfully carrying a knife, a weapon with which bodily injury may be inflicted. After trial the district court found him guilty and sentenced him to four months in jail. Bonilla appealed to this court and has assigned in his brief two errors which may be reduced to one, that is, the judgment is not supported by the evidence.

We do not agree. The appellant cites the cases of *People* v. *Scott,* 36 P.R.R. 721, and *People* v. *Cartagena,* 37 P.R.R. 261, in which it was held that when the weapon is not seized nor offered in evidence there must be clear and convincing proof that the defendant was carrying it.

This is true, but an analysis of the evidence examined in this case shows that it complies with the requirements of the jurisprudence. Although the weapon was not seized nor introduced in evidence, its possession by the defendant was proved clearly and convincingly.

Witness Regino Bonilla, whom the defendant wounded with the knife, testified as follows with reference to the defendant: "I saw that when he arrived at the house of Pablo Carrero he was carrying a large knife having on it some copper tacks. It was one of those large American knives and he had it in his belt on the side. I saw it and went and took Eugenio Bonilla by the arm and said to him: 'Have regard for that boy; you have always treated each other as brothers and I do not see why you should fight,' whereupon he said to me: 'Do not interfere,' and drew the knife and attacked me; . . . . that the blade was bright, it being a new knife." Felipe Méndez, another witness, testified that the defendant attacked Regino with a knife; that he saw the knife; that it was "a large knife;" that he did not see the handle. Being then questioned by counsel for the defendant, he said: "Q.—Was the blade rusty or what? A.—Rusty. Q.—Was it a new or an old knife? A.—An old knife." And Ramón González, a third witness, testified that he saw the defendant holding a knife.

The contradiction between the testimony of Regino Bonilla and Felipe Méndez as to whether the knife was old or new is unimportant. Both said without hesitation that the defendant was carrying a knife and the carrying of the knife, whether new or old, is what constitutes the crime.

The appellant also cites the cases of *People* v. *Moll,* 28 P.R.R. 733, and *People* v. *Correa,* 36 P.R.R. 399. The former is not in point. In the instant case there is direct evidence that the defendant was really carrying the knife and not that he took it casually in his hands for a good purpose, as in the *Moll Case.* Nor is the latter case applicable. In that case the "evidence consisted only of the testimony of policeman Jaime González, the chief of the district, in which he stated that the defendant presented himself in his house with several friends and said that Juan de la Cruz was pursuing him and that he had had to kill him." In reversing for lack of evidence the judgment convicting the defendant of

carrying a forbidden weapon, this court, by Associate Justice Franco Soto, said:

"In the case now under consideration, although it is admitted that the defendant killed Cruz with a revolver, nothing is shown as to the place and the manner of the killing. The killing of a man with a revolver does not establish the conclusive presumption that the killer carried the arm unlawfully. The act might have been committed with a weapon in the possession of the victim. The defendant might have received the weapon accidentally or made use of it inside of his own home. All the above, therefore, are probabilities involving matters of defense in this case, but the defendant is not bound to plead them if he does not deem it necessary. The burden of proof is on the prosecution to establish beyond any reasonable doubt the facts showing the crime."

Here the evidence that the accused wounded another person is not the only evidence. The wound was spoken of incidentally and that really makes manifest the intention of the Porto Rican Legislature in enacting a drastic law prohibiting the carrying of arms, because the carrying of arms is responsible for the majority of crimes where blood is shed and which are committed in this Territory as the consequence of a sudden quarrel. But the direct and detailed evidence had reference to the commission of the crime charged, that is, that the defendant was carrying a knife, a weapon with which bodily injury may be inflicted.

The judgment appealed from is affirmed.